IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:22-CV-7

| | |
|---|---|
| SANDRA CAMPBELL  Plaintiff  v.  HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY  Defendant | **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Hartford Life and Accident Insurance Company ("Hartford"), by and through its undersigned counsel, hereby removes this action from the General Court of Justice, Superior Court Division, Gaston County, North Carolina, Charlotte Division, where the case is currently pending, to the United States District Court for the Western District of North Carolina, Charlotte Division. As grounds for removal, Hartford states as follows:

**STATE COURT ACTION**

1.     This action was commenced on November 18, 2021, in the General Court of Justice, Superior Court Division, Gaston County, North Carolina, titled *Sandra Campbell v. Hartford Life and Life Insurance Company*, Case No. 21CVS4593 (hereinafter referred to as the "State Court Action").

2.     Plaintiff's State Court Action seeks short term disability ("STD"), long-term disability ("LTD") benefits and life waiver of premium ("LWOP") benefits under group policies of disability and life insurance issued to the Charlotte-Mecklenburg Hospital Authority DBA Atrium Health by Hartford ("the Policies").

## PROCEDURAL REQUIREMENTS

3.      Hartford has satisfied all procedural requirements of 28 U.S.C. § 1446 and thereby removes the State Court Action to the United States District Court for the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. §§ 1332 and 1441.

4.      Removal to Proper Court. Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), this Notice of Removal is being filed in the United States District Court for the Western District of North Carolina, Charlotte Division, which is part of the "District and division" embracing the place where this action is filed – Gaston County, North Carolina.

5.      Removal Is Timely. Plaintiff served a copy of the Summons and Complaint to Hartford through the North Carolina Department of Insurance ("the DOI") on December 7, 2021. A copy of the correspondence from the DOI dated December 13, 2021 is attached hereto as **Exhibit A**. The DOI forwarded the Summons and Complaint to Hartford on December 13, 2021, and the Summons and Complaint were delivered to Hartford on or around December 17, 2021. Hartford has therefore removed the State Court Action within the 30–day time period provided in § 1446(b).

6.      Signature. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

7.      Pleadings and Process. True and correct copies of all documents in the State Court Action are attached hereto as follows:

- **Exhibit B** – General Civil Action Cover Sheet;

- **Exhibit C** – Civil Summons; and

- **Exhibit D** – Complaint.

*See* 28 U.S.C. § 1446(a).

8.      Notice. A copy of this Notice of Removal will be filed with the clerk of the General

Court of Justice, Superior Court Division, Gaston County, North Carolina, as required by 28 U.S.C. § 1446(d).

**STATUTORY REQUIREMENTS – 28 U.S.C. § 1332**

9.  <u>This Court has Jurisdiction</u>. This Court has original diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332 because: (a) Plaintiff and Hartford are citizens of different states; and (b) the amount in controversy exceeds $75,000, exclusive of costs.

10.  Plaintiff is a citizen and resident of Gastonia, Gaston County, North Carolina. (Complaint, ¶ 3.) Hartford is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located in Hartford, Connecticut. Therefore, the parties have complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(10).

11.  <u>Amount in Controversy</u>. Plaintiff asserts three causes of action against Hartford: (a) Count One: Breach of Contract; (b) Count Two: Bad Faith/Breach of the Duty of Good Faith and Fair Dealing; and (c) Count Three: Unfair and Deceptive Trade Practices. Plaintiff does not specify the amount of damages sought in each count, but merely alleges Plaintiff's "actual injury" includes "loss of benefits, loss of use and earnings those benefits would have provided, loss of other employee benefits, consequential damages, and other damages as Plaintiff may prove." (Complaint, ¶¶ 62, 72, 77.)

In her Prayer for Relief, subparagraph 7, Plaintiff requests "any and all damages to which she may be entitled under the Policies and law, including but not limited to: disability benefits and life insurance coverage under the Policies, compensatory damages in excess of $25,000.00, pre-judgment interest, post judgment interest, costs of litigation, treble damages pursuant to N.C. Gen. Stat §75-16 and attorneys' fees pursuant to N.C. Gen Stat. §75-16.1 or as otherwise allowed by law." At the time Plaintiff filed her Complaint on November 18, 2021, the amount of STD benefits

at issue was: $7,537.35 and the amount of LTD benefits at issue was $71,490.22, for total disability benefits at issue in the amount of $79,027.57. Thus, while Plaintiff has not alleged a specific, total amount of damages sought, she has alleged damages that exceed the $75,000 amount in controversy threshold pursuant to 28 U.S.C. § 1332(b). Specifically, Plaintiff has asserted a cause of action for breach of contract regarding disability benefits which equaled $79,027.57 at the time the complaint was filed; asserted that she is entitled to treble damages for violation of North Carolina's Unfair and Deceptive Trade Practices Act ("the UDTPA"); and asserted that she is entitled to recover reasonable attorneys' fees.

12.     When a plaintiff brings a claim for unfair and deceptive trade practices, courts can consider the trebled value of the compensatory damages sought when calculating the amount in controversy. *See R.L. Jordan Oil Co. of N. Carolina v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 (4th Cir. 2001) (citing *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983) and 14B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3702 (3d ed.1998), for the principle that "[w]hen calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages, available to [plaintiff] under the [UDTPA]").

13. Where a state statute provides for recovery of attorneys' fees, the amount of reasonable attorney's fees is included in the amount in controversy. See *Springstead v. Crawfordsville State Bank*, 231 U.S. 541, 542 (1913); *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 201–202 (1933); *see also* 1 Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 37 (2006) ("[I]t is now quite settled that [attorney's] fees are a part of the matter in controversy when they are provided for by contract, or by a state statute, so long as the fee demanded is reasonable.").

14.     N.C. Gen. Stat. Ann. § 75-16.1 provides for recover of reasonable attorneys' fees where a party has willfully engaged in a violation of the UDTPA, which Plaintiff alleges in her

Complaint (at ¶¶ 74-77), and pursuant to which Plaintiff requests attorney's fees in subparagraph 7 of her Prayer for Relief.

15.     Plaintiff has therefore alleged damages in excess of $75,000, plus reasonable attorney's fees as the amount in controversy in the State Court Action. Accordingly, the jurisdictional amount in controversy under 28 U.S.C. § 1332(b) is satisfied.

16.     Hartford is filing herewith a copy of this Notice with the Clerk of Superior Court, Gaston County, North Carolina, thereby effecting removal pursuant to 28 U.S.C. § 1446(b).

17.     Hartford is filing concurrently herewith the civil cover sheet and has made payment of the required filing fee.

18.     Accordingly this Court has jurisdiction over this action and should proceed as an action properly removed to it.

19.     Hartford submits this Notice of Removal without any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

<u>CONCLUSION</u>

WHEREFORE, Defendant Hartford Life and Accident Insurance Company requests the above-captioned action now pending in the General Court of Justice, Superior Court Division, Gaston County, North Carolina, be removed to the United States District Court for the Western District of North Carolina, Charlotte Division, and that to the United States District Court for the Western District of North Carolina, Charlotte Division assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice. If any questions arise as to the propriety of the removal of this action, Hartford requests the opportunity to present a brief and argument in support of its position that this case is removable.

Respectfully submitted this 6th day of January, 2022.

WOMBLE BOND DICKINSON (US) LLP

/s/ *Debbie W. Harden*
Debbie W. Harden, NCSB 10576
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, North Carolina 28202-6037
Telephone: (704) 331-4943
Facsimile: (704) 338-7813
Email:  Debbie.Harden@wbd-us.com

*Attorney for Hartford Life and Accident
Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 6, 2022, the undersigned attorney did file the foregoing document using this Court's CM/ECF system, and that she did serve the foregoing document to the following by U.S. Mail, postage prepaid:

Charles McB. Sasser, Esq.
N. C. State Bar No. 10027
The Sasser Law Firm, P.A.
1011 East Morehead Street, Suite 350
Charlotte, NC 28204
Phone: (704) 342-4200
Fax: (704) 342-0798
Email: msasser@sasserlawoffice.com

*Attorney for Plaintiff*

WOMBLE BOND DICKINSON (US) LLP

/s/ *Debbie W. Harden*
Debbie W. Harden, NCSB 10576
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, North Carolina 28202-6037
Telephone: (704) 331-4943
Facsimile: (704) 338-7813
Email: Debbie.Harden@wbd-us.com

*Attorney for Hartford Life and Accident Insurance Company*